**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO.:**

OLD NATIONAL BANK, successor-by-merger
with First Midwest Bank,

    Plaintiff,

v.

RMG SPORTS GROUP LLC, a Florida
limited liability company, ROBERT M.
GARBER, an individual, BASH BASEBALL,
LLC, a Florida limited liability company,

    Defendants.

_____/

**OLD NATIONAL BANK'S MOTION TO COMPEL COMPLIANCE WITH SUBPOENA
TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION**

    Plaintiff OLD NATIONAL BANK, successor-by-merger with First Midwest Bank ("Old National"), by and through its undersigned attorneys, and pursuant to Fed. R. Civ. P. 45, 37 and 26 and S.D.L.R. 7.1, hereby moves the Court to compel non-party MICHAEL FIERS ("Fiers") to comply with the *Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action* (the "Subpoena") that Old National served on him in connection with this action, and states as follows:

**I.    BRIEF FACTUAL BACKGROUND**

    1.    The Third Amended Complaint ("Complaint") asserts claims for, among other things, breach of contract based on RMG Sports Group, LLC's ("RMG Sports") alleged defaults under the Notes, Security Agreement, and other Loan Documents (as defined in the Complaint). The Complaint also asserts a fraudulent transfer claim arising from the transfer of $300,000 from

RMG Sports to Bash Baseball, LLC ("Bash"), which Old National alleges was for an agent fee paid by Michael Fiers for the 2018 season, and which constituted Old National's Collateral under the Security Agreement.

2. Old National has a need—and a clear legal right—to obtain information that relates to the claims at issue in this case and which may corroborate Old National's account of the transfers from RMG Sports to Bash Baseball, including any documents or records that relate to the transfers, which are in the possession and control of Fiers.

## II. OLD NATIONAL'S SUBPOENA TO FIERS

3. The Subpoena contains the following requests for documents (the "Requests"):

> Any and all documents (as defined above) reflecting or in any way related to transfers of funds or payments by you or on your behalf, or known or authorized by you, for any reason to RMG Sports Group LLC, Robert M. Garber, or Bash Baseball LLC, or to anyone acting on behalf of RMG Sports Group LLC, Robert M. Garber, or Bash Baseball LLC, during 2017, 2018 and 2019.

> Any and all documents (as defined above) reflecting or in any way related to communications of any kind to you or by you or anyone on your behalf, to or from Robert M. Garber or anyone on his behalf, which reflect or relate to Robert M. Garber (and not already produced in response to the request immediately above) during 2017, 2018 and 2019.

A true and correct copy of the Subpoena is attached hereto as **Exhibit "A".**

4. Old National's Subpoena contains only requests for documents that relate to this action. *See* Ex. A. The Requests in Old National's Subpoena are reasonable, and they will likely lead to the discovery of admissible evidence. The Requests do not place any unreasonable burden on Fiers because they merely request for information that should be contained in his electronic or paper files, or available to him otherwise, after having done business with RMG Sports Group, LLC, Rober M. Garber, and Bash Baseball. Fiers has not objected to Old National's Subpoena.

2

5. Old National served Fiers with the Subpoena on October 16, 2021. A true and correct copy of the proof of service for Fiers is attached hereto as **Exhibit "B"**.

6. Fiers, however, has ignored and failed to respond to Old National's Subpoena. Old National corresponded with Mr. Fiers seeking compliance. There was no response. Thus, Old National has been forced to file this Motion.

### III. ARGUMENT

This Court should compel Fiers to comply with and respond to the Subpoena for two reasons: (a) the documents and records requested from Fiers are appropriately tailored to the claims and issues being litigated by and between Old National and the Defendants, such that no undue burden is placed onto Fiers in having to respond; and (b) Old National's Subpoena was issued and served properly and in accordance with the applicable Federal Rules of Civil Procedure.

#### A. The Requests Contained in Old National's Subpoena Are Permissible Under the Federal Rules of Civil Procedure

The requests contained within Old National's Subpoena are permissible under the Federal Rules of Civil Procedure, which construe the scope of discovery in a broad and liberal fashion and which "strongly favor full discovery whenever possible." *Farnswoth v. Procter & Gamble Co.*, 758 F.3d 1545, 1547 (11th Cir. 1985). Old National is entitled to ask Fiers for any information that would be permissible to obtain under F.R.C.P. 26. *See Coleman v. Lennar Corporation*, 2018 WL 3672251 at *2 (S.D. Fla. 2018) ("Although Rule 45 does not identify irrelevance or overbreadth as grounds for quashing a subpoena, courts treat the scope of discovery under a subpoena the same as the scope of discovery under Rule 26.") (Citing *Am. Fed'n of State, County & Mun. Employees (AFSCME) Council 79 v. Scott*, 277 F.R.D. 474, 476 (S.D. Fla. 2011). Thus, Old National can obtain discovery regarding:

3

4886-1226-3951.2

> [A]ny nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to discoverable.

F.R.C.P. 26(b)(1).

There can be no credible contention that Requests are unlikely to lead to admissible evidence. Nor has Fiers come forward to object to the Requests as unduly burdensome. On these facts, this Court should find that Old National's Subpoena is substantively valid and compel Fiers' compliance with the Requests.

### B. Old National's Subpoena Was Issued Properly

Additionally, this Court should compel Fiers to comply with Old National's Subpoena because it was issued properly. F.R.C.P. 45 expressly contemplates Old National's ability to subpoena Fiers to produce documents in connection with this underlying action. *See* F.R.C.P. 45(a)(1)(d) ("A command in a subpoena to produce documents, electronically stored information, or tangible things requires the responding person to permit inspection, copying, testing, or sampling of the materials."). Undersigned counsel signed and issued Old National's Subpoena from the United States District Court for the Northern District of Illinois, where the underlying litigation is pending. *See* F.R.C.P. 45(a)(2). Moreover, Old National has complied with all procedural requirements contained in F.R.C.P. 45 related to the form and contents of Old National Subpoena, notice to other parties before service, service, and avoiding undue burden or expense on the served parties. *See* F.R.C.P. 45 *et. seq.* In short, Old National has satisfied all applicable procedural requirements in connection with issuing Old National's Subpoena. Lastly, and as

4886-1226-3951.2

certified below, Old National has attempted to meet and confer with Fiers prior to the filing of this Motion.

### FED. R. CIV. P. 37(a)(1) AND S.D. FLA. L.R. 7.1(a)(3) CERTIFICATION

I hereby certify that I have attempted to resolve all issues presented in this Motion by attempting to contact Fiers by phone and letter. Notwithstanding such efforts to resolve by agreement the issues raised in this Motion, I have been unable to do so.

### CONCLUSION

For the foregoing reasons, Plaintiff OLD NATIONAL BANK respectfully requests the Court to grant this motion and enter an Order compelling non-party Michael Fiers to comply with the Subpoena by producing documents responsive to the specific requests contained therein. Additionally, pursuant to F.R.C.P. 37(a)(5)(a), Old National respectfully requests to recover all reasonable expenses incurred in making this Motion, including costs and attorney's fees.

Dated: February 24, 2022

Respectfully submitted,

/s/ *Mark J. Neuberger*
Mark J. Neuberger (Fl. Bar No. 982024)
Foley & Lardner LLP
2 South Biscayne Boulevard
Miami, FL 33133
Telephone:  (305) 482-8400
Facsimile:  (305) 482-8600
mneuberger@foley.com

-and-

Michael J. Small
FOLEY & LARDNER LLP
321 North Clark Street
Chicago, Illinois  60654-5313
(312) 832-4500
(312) 832-4700 (Facsimile)
msmall@foley.com
(not admitted in the U.S. District Court for the Southern District of Florida)

*Attorneys for Plaintiff Old National Bank*

4886-1226-3951.2

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the above and foregoing was served via e-mail via the CM/ECF System on this 24th day of February, 2022, upon all counsel of record and by first class mail upon:

Michael Fiers
355 Woodlake Lane
Deerfield Beach, FL 33442

/s/ *Mark J. Neuberger*
Mark J. Neuberger (Fl. Bar No. 982024)
Foley & Lardner LLP
2 South Biscayne Boulevard
Miami, FL 33133
Telephone:  (305) 482-8400
Facsimile:  (305) 482-8600
mneuberger@foley.com

-and-

Michael J. Small
FOLEY & LARDNER LLP
321 North Clark Street
Chicago, Illinois  60654-5313
(312) 832-4500
(312) 832-4700 (Facsimile)
msmall@foley.com
(not admitted in the U.S. District Court for the Southern District of Florida)

*Attorneys for Plaintiff Old National Bank*

4886-1226-3951.2